### STYLES vs. M'NEIL'S HEIRS.

If the transferee neglects to give notice of the transfer to the debtor, payment compulsorily made by the latter to the transferor, destroys the transferee's right against the debtor.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. In April, 1820, Curtis transferred to the plaintiff a judgment against Hall, which had been duly recorded, and on the death of Hall, revived against his executors; it does not appear that notice of the transfer was ever given by the plaintiff to the executors or heirs of Hall. In 1822, Curtis, notwithstanding the transfer, took out an execution on the judgment, and had it levied on a tract of land, which had been the property of Hall, and which his widow and executrix had purchased at a sale which she had provoked in the court of probates, of the property of the estate. She obtained an injunction,

the dissolution of which Curtis proved. Cur-
tis dying soon after, his mother as his forced
heir, employed Baldwin to put the judgment
into execution; a tract of land that had been
the property of Hall till his death, was accord-
ingly seized and sold, and Baldwin became the
purchaser of it, who afterwards transferred it
to the ancestor of the defendants.

The plaintiff has instituted his action of
mortgage and has prayed that unless the de-
fendants pay the amount of the judgment, the
premises may be sold to satisfy the judgment
transferred to him by Curtis. He had judg-
ment, and the defendants appealed.

In the deed of sale, from Baldwin to the de-
fendants' ancestor, the latter declares himself
cognisant of the manner in which the vendor
purchased the premises, and takes on himself
every risk about the title. So that the question
is, whether Baldwin acquired a good title un-
der the sheriff's deed.

We think he did. The plaintiff, by the trans-
fer, acquired an inchoate title to the judgment
which he neglected to complete by giving no-
tice of the transfer. *Civ. Code*, 368, *art.* 22
He stood silent during several years, while the
transferor remained the ostensible owner of the

STYLES
*vs.*
M'NEIL'S
HEIRS.

judgment.   He suffered his transferor and his heirs to continue the exercise of ownership on the judgment.

Let it be granted that Curtis' heirs are legally presumed cognisant of his acts, and consequently of the transfer, nothing shews that Baldwin had the least knowledge of it, and that he did not purchase in good faith.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that the plaintiff's petition be dismissed with costs'

*Thomas* for the plaintiff, *Boyce* for the defendants.